**Electronically Filed
Intermediate Court of Appeals
30100
03-APR-2012
09:19 AM**

NO. 30100

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
RAMON M. VILLANUEVA, Defendant,
and
REAL PARTY IN INTEREST ACE BAIL BONDS,
Appellant.


APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CR. NO. 07-1-35K)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Reifurth and Ginoza, JJ.)

Real-Party-In-Interest/Appellant Ace Bail Bonds (Ace) appeals from the "Order Denying Motion to Reconsider Denial of Motion to Set-Aside Bail Forfeiture" which was entered by the Circuit Court of the Third Circuit (circuit court)[1] on September 3, 2009.

On appeal, Ace's point of error is that "[t]he Circuit Court erred in denying Ace's Motion for Reconsideration of Bail Forfeiture and Motion for Extension of Time to Surrender Defendant when the court had the authority to do so for good cause."[2]

---

[1] The Honorable Elizabeth A. Strance presiding.

[2] Ace's Opening Brief does not comply with Hawai'i Rules of Appellate Procedure (HRAP), Rule 28(b)(4) in that the point of error fails to allege "where in the record the alleged error occurred" and "where in the record the
(continued...)

Upon a careful review of the record and the briefs submitted by the parties, and having considered the applicable statutory and case law, we resolve Ace's point of error as follows.

On February 15, 2007, Defendant Ramon Villanueva (Villanueva) was indicted on three counts of Methamphetamine Trafficking in the First Degree, in violation of Hawaii Revised Statutes (HRS) § 712-1240.7 (Supp. 2011), and three counts of Prohibited Acts Related to Drug Paraphernalia, in violation of HRS § 329-43.5 (1993 Repl.). The circuit court set bail for Villanueva in the amount of $100,000. On April 10, 2007, Ace posted a bail bond on behalf of Villanueva in the amount of $100,000.

On May 29, 2007, Villanueva failed to appear in court for jury trial. On June 1, 2007, the circuit court issued an "Order of Bail Forfeiture and Final Judgment of Forfeiture" (Bail Forfeiture Judgment), entering judgment against Ace in the amount of $100,000.

On July 12, 2007, Ace filed a "Motion to Set Aside Judgment and Order of Bond Forfeiture and Stay of Enforcement of Judgment" (Motion to Set Aside Judgment). Attached to this motion was a declaration of Ace's counsel attesting *inter alia* that Ace received notice of the Bail Forfeiture Judgment on or after June 12, 2007. After the hearing on Ace's Motion to Set Aside Judgment was continued several times, the circuit court issued an order on February 8, 2008 denying the Motion to Set Aside Judgment.

On December 26, 2008, over eighteen months after Ace had received notice of the Bail Forfeiture Judgment (on or after June 12, 2007 according to its counsel's declaration), Ace filed a "Motion to Reconsider Denial of Motion to Set Aside Bail

_____

[2](...continued)
alleged error was objected to or the manner in which the alleged error was brought to the attention of the court[.]" Ace's counsel is cautioned to comply with HRAP Rule 28 in the future.

Forfeiture" (Motion to Reconsider). After various other submissions by the parties, on September 3, 2009, the circuit court issued its "Order Denying Motion to Reconsider Denial of Motion to Set Aside Bail Forfeiture" (Order Denying Motion to Reconsider).

On October 2, 2009, Ace filed a Notice of Appeal, incorrectly citing to HRS § 641-11 and HRAP Rule 4(b) which deal with appeals pertaining to criminal matters.[3] The Notice of Appeal simply stated that Ace "here by [sic] files this Notice of Appeal," and contrary to the requirements of HRAP Rule 3(c), the Notice of Appeal does not "designate the judgment, order, or part thereof . . . appealed from" and a copy of the judgment or order is not attached as an exhibit. See HRAP Rule 3(c). In its Statement of Jurisdiction, Ace asserts that it appeals pursuant to HRAP Rules 3 and 4(a) "from the final judgment entered herein on September 3, 2009." Thus, although Ace incorrectly describes it as a final judgment, it is apparent that Ace seeks to appeal from the September 3, 2009 Order Denying Motion to Reconsider.

Given the record in this case, Ace did not file a notice of appeal from the "appealable event." Ace's right to seek relief from the Bail Forfeiture Judgment is set forth in HRS § 804-51 (Supp. 2011), which states:

> §804-51 **Procedure.** Whenever the court, in any criminal cause, forfeits any bond or recognizance given in a criminal cause, the court shall immediately enter up judgment in favor of the State and against the principal or principals and surety or sureties on the bond, jointly and severally, for the full amount of the penalty thereof, and shall cause execution to issue thereon immediately after the expiration of thirty days from the date that notice is given via personal service or certified mail, return receipt requested, to the surety or sureties on the bond, of the entry of the judgment in favor of the State, *unless before the expiration of thirty days from the date that notice is given to the surety or sureties on the bond of the entry of the judgment in favor of the State, a motion or application of the principal or principals, surety or sureties, or any of them, showing good cause why execution should not issue*

---

[3] "[Hawai'i Rules of Appellate Procedure (HRAP)] 4(a), as opposed to HRAP 4(b), applies because forfeiture of a bond is a civil proceeding." State v. Camara, 81 Hawai'i 324, 329 n.7, 916 P.2d 1225, 1230 n.7 (1996) (citation omitted).

*upon the judgment, is filed with the court.* If the motion or application, after a hearing held thereon, is sustained, the court shall vacate the judgment of forfeiture and, if the principal surrenders or is surrendered pursuant to section 804-14 or section 804-41, return the bond or recognizance to the principal or surety, whoever shall have given it, less the amount of any cost, as established at the hearing, incurred by the State as a result of the nonappearance of the principal or other event on the basis of which the court forfeited the bond or recognizance. *If the motion or application, after a hearing held thereon, is overruled, execution shall forthwith issue and shall not be stayed unless the order overruling the motion or application is appealed from as in the case of a final judgment.*

This section shall be considered to be set forth in full in words and figures in, and to form a part of, and to be included in, each and every bond or recognizance given in a criminal cause, whether actually set forth in the bond or recognizance, or not.

(Emphasis added).

Thus, "the appealable event is the order denying the motion to set aside the judgment of forfeiture." State v. Camara, 81 Hawai'i 324, 329, 916 P.2d 1225, 1230 (1996).

Once a motion to set aside is denied, the surety may appeal such denial "as in the case of a final judgment." Pursuant to Hawai'i Rules of Appellate Procedure (HRAP) Rule 4(a)(1), a notice of appeal from a final judgment must be filed within thirty days from the date of entry of the judgment-in this case, thirty days from the order denying the motion to set aside.

Id. (footnote omitted).

In this case, Ace did not appeal from the "appealable event," which was the February 8, 2008 order denying the Motion to Set Aside Judgment. Rather, Ace filed its December 26, 2008 Motion to Reconsider in the circuit court, and subsequently appealed from the circuit court's September 3, 2009 Order Denying Motion to Reconsider. For reasons expressed in State v. Ranger Insurance Co., 83 Hawai'i 118, 925 P.2d 388 (1996), we conclude that the circuit court was without authority to consider Ace's Motion to Reconsider.

In Ranger Insurance Co., after the circuit court's order denying the surety's timely HRS § 804-51 motion, the surety filed another motion seeking *inter alia* to vacate the forfeiture judgment (Motion to Vacate). This Motion to Vacate was filed a

year after the surety had received notice of the forfeiture judgment. The supreme court held that, because the Motion to Vacate was not filed within the time limit required by HRS § 804-51, "*the circuit court was therefore without power to consider it.*" Id. at 124 n.5, 925 P.2d at 294 n.5 (emphasis added). The supreme court explained that "HRS § 804-51 permits the filing neither of a *second* motion seeking to show 'good cause why execution should not issue' nor *any* motion after the closing of the thirty-day window." Id. Rather, a surety's "*sole recourse* from the 'appealable event'" is to appeal. Id. (emphasis added).

Here, Ace's Motion To Reconsider was filed "after the closing of the thirty-day window." Id. We thus conclude, on grounds different than the circuit court, that Ace's Motion to Reconsider was properly denied.

Therefore, IT IS HEREBY ORDERED that, on the grounds that the circuit court was without authority under HRS § 804-51 to consider Ace's Motion to Reconsider, the circuit court's Order Denying Motion to Reconsider entered on September 3, 2009 is affirmed.

DATED: Honolulu, Hawai'i, April 3, 2012.

On the briefs:

Frank M. Fernandez
for Defendant-Appellant

Linda L. Walton
Deputy Prosecuting Attorney
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge

5